# SUPREME COURT OF THE UNITED STATES

KURT MICHAELS *v.* RON DAVIS, WARDEN, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 23–5038.   Decided April 15, 2024

The petition for a writ of certiorari is denied.

JUSTICE JACKSON, dissenting from the denial of certiorari.

"A confession is like no other evidence." *Arizona* v. *Fulminante*, 499 U. S. 279, 296 (1991). It is not a mere recitation of facts, equivalent to a string of discrete witness statements or pieces of circumstantial evidence. Rather, "a full confession in which the defendant discloses the motive for and means of the crime" can also provide indelible intangible information about the defendant that can have a "profound impact . . . upon the jury." *Ibid.* Each and every mannerism—the way the defendant speaks or laughs about a horrific act, his pauses or intonations when describing gruesome details, his gestures or body language when recounting his rationale—might be significant to a jury tasked with deciding his fate. Consequently, this Court has long held that courts must "exercise extreme caution" when determining whether the admission at trial of an illegally obtained confession constitutes a harmless error. *Ibid.*

In this capital case, the Ninth Circuit failed to exercise the required degree of caution. The divided panel assessed a 2½-hour illegally obtained confession filled with disturbing details of a horrific crime like it was a compilation of factual information—no different from evidence introduced by other means. That was legal error. Therefore, I would grant the petition and summarily reverse the Ninth Circuit's decision as to the penalty phase, in order to facilitate a reassessment that involves the necessary rigor.

\*        \*        \*

Petitioner Kurt Michaels killed JoAnn Clemmons, his girlfriend's mother. Shortly after the killing, Michaels was arrested and questioned by the police. Officers advised Michaels of his rights under *Miranda* v. *Arizona*, 384 U. S. 436 (1966), and, in the subsequent interview, he selectively invoked his right not to answer any questions about the incident. But the police continued to question Michaels even after he had invoked his *Miranda* rights. The resulting 2½-hour taped confession was admitted at both the guilt and penalty phases of his trial, and Michaels was convicted of murder and sentenced to death.

There is no dispute, at this stage of the litigation, that Michaels's constitutional rights were violated. The only question is whether the improper admission of Michaels's confession was harmless error. This Court made crystal clear in *Fulminante* that, for the purpose of harmless-error analysis, wrongfully admitted confessions cannot be treated like other evidence. 499 U. S., at 296. But the panel majority did just that here; inattentive to the uniquely prejudicial nature of confession evidence, it conducted a harmless-error review that involved, essentially, matching up the disturbing details from the confession with discrete pieces of evidence that broadly supported similar propositions, as if the confession was simply a collection of cumulative facts.

A few examples suffice to illustrate this legal error. Throughout the 2½-hour confession, Michaels described the crime in gruesome detail, with his mannerisms and callousness on full display. The panel majority ignored the powerfully demonstrative nature of the confession, concluding it was harmless simply and solely because other witness testimony corroborated the basic facts that Michaels's confession asserted. The panel nowhere considered the *level* of detail that Michaels provided, or the uniquely prejudicial nature of hearing *him* describe the crime in such specific,

horrific detail. See 51 F. 4th 904, 968 (CA9 2022) (Berzon, J., dissenting). Similarly, the panel discounted the potential effect on the jury of watching Michaels repeatedly laughing about disturbing details of the crime when the videotaped confession was unlawfully introduced. See *id.*, at 968–969. Instead, the panel concluded that, because other witnesses had testified that Michaels showed no remorse, the wrongful admission of his striking and unsettling responses did not have "a 'substantial and injurious effect or influence'" on the jury. *Id.*, at 945, 947 (quoting *Brecht* v. *Abrahamson*, 507 U. S. 619, 623 (1993)). But the gulf between a witness saying the defendant is not remorseful and a videotape of the defendant laughing about the crime is vast. By treating them as identical—and not appearing to grapple at all with the qualitative difference that a taped confession makes—the majority failed to apply the harmless-error standard properly.

To be clear: The heinous nature of the crime Michaels committed was fully established at trial, and this opinion is not meant to diminish that. But the Fifth Amendment protects everyone, guilty and innocent alike. I write because courts must be careful to safeguard the rights that our Constitution protects, even when (and perhaps especially when) evaluating errors made in cases stemming from a terrible crime. See *Spano* v. *New York*, 360 U. S. 315, 320–321 (1959) ("[L]ife and liberty can be as much endangered from illegal methods used to convict those thought to be criminals as from the actual criminals themselves").

When an unconstitutionally obtained confession is wrongly presented to a jury, our case law is clear that rather than treating that evidence as equivalent to a compilation of other, far less weighty means of proof, courts must carefully evaluate the confession as a whole: how much detail it contained; the tangible and intangible information it communicated; the effect of the *entire* confession, not just pieces of it; and how it interacted with the other evidence

presented at trial to potentially impact the specific jury de-
liberations at issue.\*  Because the Ninth Circuit majority
disregarded this mandate with respect to assessing the pen-
alty phase of this case, I would summarily reverse.

---

\*This is not to say that the introduction of an illegally obtained confes-
sion can never be harmless.  Here, for example, there is presently no dis-
pute that the admission of Michaels's confession was harmless as to the
guilt phase of trial because the error likely did not "'substantial[ly] . . .
influence'" the jury's guilty verdict in light of other overwhelming evi-
dence of Michaels's guilt.  *Brecht* v. *Abrahamson*, 507 U. S. 619, 639
(1993) (alterations in original).  Even at the penalty phase of a capital
case, a short wrongfully admitted confession that contains little substan-
tive or emotional information might turn out to be harmless.  But the
wrongful introduction of Michaels's 2½-hour graphic confession is a dif-
ferent thing entirely, and its potential impact on the jury's penalty phase
deliberations needed to be properly assessed.